1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10   TY ANTHONY MARZIALE,

11            Plaintiff,              No. CIV S-05-0080 WBS KJM PS

12       vs.

13   B. BROWN, et al.

14            Defendants.            <u>ORDER</u>

15   _____/

16            The motion to dismiss or, in the alternative, for more definite statement brought

17   by defendants Officers Brown, Buckman, Racine, Applegate, Lewis, and Cissna (hereinafter

18   referred to collectively as the "individual defendants") and the El Dorado County Sheriff's

19   Department came on for hearing before the undersigned on April 6, 2005.  Plaintiff Ty Anthony

20   Marziale appeared in propria persona.  Neal J. Bucknell appeared for defendants.  Upon

21   consideration of the motions and the documents in support and opposition, upon hearing the

22   arguments of counsel and plaintiff and good cause appearing therefor, THE COURT FINDS AS

23   FOLLOWS:

24   I. <u>Background</u>

25            Plaintiff commenced this action on January 13, 2005 against the individual

26   defendants and the El Dorado County Sheriff's Department. On February 9, 2005, defendants

1

timely filed the instant motion to dismiss. Defendants seek dismissal under Federal Rules of

Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted, and

12(b)(5) for insufficiency of service of process.

II.  Federal Rule of Civil Procedure 12(b)(5)–Insufficient Service of Process

Different standards apply to serving individuals and local governments under

Federal Rule of Civil Procedure 4. Therefore, the sufficiency of service on the individual

defendants and the sufficiency of service on the El Dorado County Sheriff's Department require

separate analyses.

A.    The Individual Defendants.

Where no waiver of service has been obtained and filed,[1] Federal Rule of Civil

Procedure 4(e) provides four methods for effecting service upon an individual. Specifically,

service may be effected upon an individual: 1) by delivering a copy of the summons and

complaint to the individual personally; 2) by leaving copies thereof at the individual's home with

a person of suitable age and discretion then residing therein; 3) by delivering a copy of the

summons and complaint to an authorized agent; or 4) as provided by the law of the state where

the district court is located.

Defendants argue that service of process on the individual officers was

insufficient under any of these four methods. The returns of service provided by plaintiff indicate

that service was made on each of the individual defendants by delivering copies of the summons

and complaint to Laura Lyons, the duty officer at the El Dorado County Sheriff's Department.

_____

[1] Plaintiff is advised that if he re-serves the individual defendants, Federal Rule of Civil Procedure 4(d) provides a method whereby he may request that the individual defendants waive service.  If the individual defendants grant the request and waive service, plaintiff would be spared the cost of attempting to re-serve the individual defendants (rather, plaintiff would only have to file the waiver of service with the court). If, on the other hand, the individual defendants reject plaintiff's request to waive service, plaintiff would be required to effect service on the individual defendants. However, such a rejection would allow plaintiff to seek a court order directing the individual defendants to pay to plaintiff the costs subsequently incurred in effecting service. See Fed. R. Civ. P. 4(d); Appendix of Forms (Forms 1A & 1B).

1   This does not satisfy the federal standards (i.e., personal service, service on a resident of

2   defendant's home, or service on an authorized agent) set forth above.

3           Nor does such service satisfy the California standard. Service on the individual

4   personally is the primary method of service prescribed by California Code of Civil Procedure

5   § 415.10. However, if the summons and complaint "cannot with reasonable diligence be

6   personally delivered," plaintiff can: 1) leave a copy of the summons and complaint at the

7   person's usual place of business with a person "apparently in charge of his or her office" and 2)

8   thereafter mail a copy of the process by first-class mail. Id. § 415.20(b). Further, under

9   California law a process server must file a "declaration of due diligence" and a "notation of the

10  subsequent mailing." See, e.g., Earl W. Schott, Inc. v. Kalar, 20 Cal.App.4th 943 (5th Dist. 1993).

11  The proofs of service do not reveal that plaintiff's process server took either of these steps, and

12  therefore the service on the individual defendants is insufficient under California law as well.

13  In sum, it appears from the face of the proof of service that plaintiff has not complied with either

14  the federal or state standard for serving the individual defendants.[2] As such, the court will grant

15  the defendants' 12(b)(5) motion as to the individual defendants.

16          B.      The El Dorado County Sheriff's Department.

17          Federal Rule of Civil Procedure 4(e) is applicable only to "service upon

18  individuals within a judicial district of the United States." Fed. R. Civ. P. 4(e) (emphasis added).

19  Nevertheless, defendants' motion appears to request that the court find that service of process on

20  the El Dorado County Sheriff's Department (clearly a non-individual) was insufficient for failure

21  to comply with Rule 4(e). The court declines such an invitation and finds that the defendants

22  have provided no basis for attacking the service upon the El Dorado County Sheriff's

23  Department. Therefore, the court will deny defendants' 12(b)(5) motion as to the El Dorado

---

[2] The Court notes that plaintiff hired and relied on a process server in order to effect service in this case. Insufficient service, however, does not become sufficient by virtue of hiring a process server. Regardless of who effects the service, it must comport with the mandates of the Federal Rules.

1  County Sheriff's Department, and thus reaches this defendant's motion to dismiss for failure to

2  state a claim.

3  III.  Federal Rule of Civil Procedure 12(b)(6)–Failure to State a Claim Upon Which Relief Can
   Be Granted.

4

5          In considering a motion to dismiss, the court must accept as true the allegations of

6  the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740

7  (1976), construe the pleading in the light most favorable to the party opposing the motion and

8  resolve all doubts in the pleader's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).  A

9  motion to dismiss for failure to state a claim should not be granted unless it appears beyond

10 doubt that plaintiff can prove no set of facts in support of the claim that would entitle him to

11 relief.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); see also Palmer v. Roosevelt

12 Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  Further, the Federal Rules of

13 Civil Procedure require a "short and plain statement of the claim" that will give the defendant

14 fair notice of what the plaintiff's claim is and the grounds upon which it rests. Conley v. Gibson,

15 355 U.S. 41, 47-48 (1957).

16         The Court finds that plaintiff's complaint does not satisfy the 12(b)(6) standard

17 and therefore will grant defendants' motion to dismiss. The complaint itself is only one page,

18 approximately two-thirds of which is dedicated to setting out the court and the parties. What

19 substance there is merely lists what plaintiff denominates as "civil rights" not to be falsely

20 arrested, maliciously prosecuted, or brutalized by the police. Notably lacking are any allegations

21 that these "civil rights" were in fact violated. Thus, determining the merits of this motion is not a

22 matter of construing the allegations in the light most favorable to the non-moving party because

23 there simply are no allegations to construe. Without any factual allegations the complaint does

24 not give defendants the required fair notice of what the plaintiff's claim is and the grounds upon

25 which it rests. Id.; Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). The

26 Court, however, will give plaintiff thirty days in which to amend his complaint.

1     If plaintiff does amend his complaint he is advised that the Civil Rights Act under

2   which this action was filed provides as follows:

3           Every person who, under color of [state law] . . . subjects, or causes
            to be subjected, any citizen of the United States . . . to the
4           deprivation of any rights, privileges, or immunities secured by the
            Constitution . . . shall be liable to the party injured in an action at
5           law, suit in equity, or other proper proceeding for redress.

6   42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

7   actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

8   Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

9   (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

10  meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts or

11  omits to perform an act which he is legally required to do that causes the deprivation of which

12  complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

13     Moreover, supervisory personnel generally are not liable under section 1983 for

14  the actions of their employees under a theory of respondeat superior and, therefore, when a

15  named defendant holds a supervisorial position, the causal link between him and the claimed

16  constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862

17  (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S.

18  941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel

19  in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th

20  Cir. 1982).

21     Finally,  Plaintiff is advised that should he choose to amend the complaint, the

22  court recommends that plaintiff consult the model complaints set out in the Appendix of Forms

23  following the Federal Rules of Civil Procedure. Any amended complaint should include a

24  thorough description of the facts plaintiff is alleging (including the approximate date of the

25  alleged behavior). The Court cannot refer to a prior pleading in order to make plaintiff's amended

26  pleading complete. Local Rule 15-220 requires that an amended complaint be complete in itself

1  without reference to any prior pleading. Once plaintiff files an amended complaint, the original

2  pleading no longer serves any function in the case.

3          If plaintiff chooses to file an amended complaint, that complaint must be served

4  on the defendants named in that complaint as required by the Federal Rules of Civil Procedure,

5  taking into account the court's resolution of defendants' Rule 12(b)(5) motion.  Fed. R. Civ. P. 4,

6  5.

7          Accordingly IT IS HEREBY ORDERED that:

8          1. Defendants' motion under Rule 12(b)(5) is granted as to the individual

9  defendants and denied as to the El Dorado County Sheriff's Department.

10         2.  Defendant El Dorado County Sheriff's Department's motion to dismiss under

11  Rule 12(b)(6) is granted with leave to amend.

12         3. Plaintiff is granted thirty days from the date of service of this order to file an

13  amended complaint that complies with the requirements of the Federal Rules of Civil Procedure

14  and the Local Rules.  The amended complaint must bear the docket number assigned this case

15  and must be labeled "Amended Complaint."  The amended complaint must be served on the

16  defendants named in any such complaint as required by the Federal Rules of Civil Procedure.

17  DATED:  May 13, 2005.

18

19

20                                            UNITED STATES MAGISTRATE JUDGE

21

22

23

24

25

26

6